UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL LESLIE,

       Plaintiff,                                       Civil No. 03-1405-HA

CAP GEMINI AMERICA, INC., and               O R D E R
CAP GEMINI ERNST & YOUNG U.S., L.L.C.,

       Defendants.

HAGGERTY, Chief Judge:

       On September 28, 2006, a jury returned a verdict in this matter concluding that:

1.     plaintiff Daniel Leslie (plaintiff) had an enforceable contract with defendant Cap Gemini America, Inc. (CGA) whereby CGA would pay plaintiff commissions on sales to Longview Fibre Company (Longview);

1     - ORDER

2. CGA paid plaintiff all commissions owed pursuant to that contract;

3. Plaintiff also had an enforceable contract with co-defendant Cap Gemini Ernst & Young U.S., LLC (Capgemini) whereby Capgemini would pay plaintiff commissions on sales to Longview;

4. Capgemini owed plaintiff $222,000 in commissions;

5. Plaintiff was the procuring cause of sales to Longview on behalf of Capgemini; and that

6. Capgemini owed no commissions to plaintiff for sales he procured on Capgemini's behalf to Longview.

*See* Verdict [148].

After receiving this verdict, plaintiff moved for an award of attorney fees and for prejudgment interest [151], and moved for Judgment on the Verdict [153]. Defendants filed amended objections to these motions.

Subsequently, defendants filed a Renewed Motion For Judgment as a Matter of Law, and Motion for New Trial and in the Alternative Remittitur [179], and a Motion for Attorney Fees [182]. Oral argument is deemed unnecessary to these motions. For the following reasons, this court concludes that plaintiff is entitled to entry of Judgment, plus an award of attorney fees and post-verdict interest. Defendants' motions are denied.

Defendants objected to plaintiff's proposed Judgment because it failed to reflect CGA's alleged success at trial, and because the proposal presented an alleged "excessive recitation" of facts. Df.s' Amended Objection to Plaintiff's Proposed judgment at 1.

After considering the parties' arguments and the totality of the record, this court concludes that plaintiff was the sole prevailing party in this action. Although the jury's verdict indicated that

CGA paid commissions owed under its contract to plaintiff for Longview sales, the verdict also indicated that plaintiff was deprived of over $220,000 in related commissions from Capgemini. Such a verdict under the circumstances of this case provides no compelling grounds for a Judgment favoring CGA. Accordingly, CGA's request that it be awarded costs is denied.

The court has also considered plaintiff's request for an award of prejudgment interest. The parties agree that this question is analyzed under Washington law. "Prejudgment interest may be awarded when the claim is liquidated." *Scoccolo Const., Inc. ex rel. Curb One, Inc. v. City of Renton*, 145 P.3d 371, 377 (Wash. 2006) (citing *Safeco Ins. Co. v. Woodley*, 82 P.3d 660 (Wash. 2004). A liquidated claim is one in which evidence is presented from which damages could be determined with exactness, without reliance on opinion or discretion. *Scoccolo*, 145 P.3d at 377 (citations omitted). A claim is unliquidated, however, if the exact amount of the sum to be allowed cannot be fixed with certainty, but must instead depend upon the exercise of discretion by the judge or jury. *Id.*, (citations omitted); *see also Aker Verdal A/S v. Neil F. Lampson, Inc.*, 828 P.2d 610 (Wash. App. 1992) (a claim is unliquidated where the exact amount of damages cannot be fixed from the facts proved, disputed or undisputed, but depends upon the opinion or discretion of the judge or jury).

This court concludes that plaintiff's claim for commissions as presented could not be fixed with sufficient certainty so to deem the claim liquidated and permit an award of prejudgment interest. Evidence at trial referred to oral agreements, expectations, and alternative commission calculations that the jury considered before determining the applicable commission rate (two percent), and the amount to which that rate would be applied (*e.g.*, gross revenues or the "letter or intent" calculation, which contained a range of possible sales between $10 million and $12

3    - ORDER

million.  The jury also had to determine whether to offset payments from the commissions, and if so, how much to offset.  This court concludes that the jury was compelled to deliberate to ascertain the terms of the parties' enforceable agreement for commissions, identify the sales to be included in calculating those commissions, and elect the appropriate amount of offsets.  Accordingly, under Washington law, plaintiff's damages must be construed as unliquidated until the jury's verdict was rendered, and an award of prejudgment interest is unwarranted.

This court has also considered the parties' dispute as to whether plaintiff is entitled to an award of attorney fees.  Defendants mount a number of challenges, contending that plaintiff's claim for fees is untimely and that defendants were not on notice of the basis of plaintiff s claim for attorney fees, and also that the relevant Washington fees statute should be construed as inapplicable to Capgemini.

Defendants' objections to an award of attorney fees are rejected.  Plaintiff's references to seeking attorney fees in Paragraph 13 of the Amended Complaint, and to the Washington fees statute in the Pretrial Order, are sufficient to overcome defendants' argument that they were deprived of adequate notice.  Moreover, the statute, RCW 49.48.030, is construed liberally and courts "shall" award reasonable fees to "any person" prevailing in an action for wages or salary owed.  *Wise v. City of Chelan*, 135 P.3d 951, 955 (Wash. App. 2006).  Accordingly, by separate Order, this court will evaluate plaintiff's request for fees and determine the proper award.

The court has also considered defendants' Motion for New Trial, Renewed Judgment as a Matter of Law, and in the Alternative Remittitur [179], and CGA's Motion For Attorney Fees and Cost Bill [182].  The parties' extensive briefing and argument regarding these motions have been reviewed.  Defendants' motions are without merit and denied.

CONCLUSION

Plaintiff's Motions for an Award of Attorney Fees and for Prejudgment Interest [151], and for a Judgment on the Verdict [153] are granted in part. Judgment will be entered separately. Plaintiff will be granted attorney fees by separate Order. Plaintiff's request for prejudgment interest is denied.

Defendants' Renewed Motion For Judgment as a Matter of Law, and Motion for New Trial and in the Alternative Remittitur [179], and Motion for Attorney Fees [182] are denied.

IT IS SO ORDERED.

Dated this  26  day of February, 2007.

                                                                      /s/ Ancer L. Haggerty  
                                                                         Ancer L. Haggerty  
                                                               United States District Judge